UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:17-cv-80103-RLR

PATRICIA KENNEDY, individually,

    Plaintiff,
v.

OMEGAGAS & OIL LLC,

    Defendant.
_____/

## DEFENDANT, OMEGAGAS & OIL, LLC 'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Omegagas & Oil LLC ("Defendant'), through undersigned counsel, hereby files this answer to the Complaint, and sets forth affirmative defenses, as follows:

1. Defendant is without knowledge, and therefore denies, that Plaintiff is a resident of Florida residing in Broward County, that she is an individual with numerous disabilities as described in Paragraph 1 of the Complaint, and that she requires use of a wheelchair for mobility and has limited use of her hands. All other allegations in Paragraph 1 are denied.

2. Admitted that the subject property is located in Palm Beach County and that the subject property is a place of public accomodation.

3. Defendant denies that the venue is proper because Plaintiff lacks standing to bring this claim, and this Court does not have jurisdiction. Other venue would be proper in this district.

4. Defendant denies that this Court has jurisdiction over this action because Plaintiff lacks standing to bring this claim and there is no case and controversy.

5. The statute speaks for itself and Defendant denies any allegations inconsistent therewith.

6. The statute speaks for itself and Defendant denies any allegations inconsistent therewith.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. The statute speaks for itself and Defendant denies any allegations inconsistent there with.

## GENERAL DENIAL

20. Defendant denies each and every allegation and prayer in the Complaint that has not been specifically responded to.

## AFFIRMATIVE DEFENSES AND AVOIDANCES

1. Defendant is unable to determine the extent of the alleged architectural barriers from the Complaint; as soon as Plaintiff provides more specificity as to the alleged barriers, Defendant will correct those conditions to the extent readily achievable and technically feasible rendering the case moot and depriving this court of jurisdiction as there will no longer be a case in controversy, and the Plaintiff will not be entitled to relief.

2. Defendant intends to correct those conditions that Plaintiff complains of to the extent readily achievable and technically feasible thereby making it unlikely there will be any future discrimination; once the corrections are complete, the case may be rendered unnecessary and Plaintiff would not be entitled to relief including recovery of attorney's fees if Defendant removes all barriers from its facility prior to an alteration in the relationship of the parties.

3. Despite technical non-compliance, the challenge accommodations in fact allow, or will allow after the intended modifications, effective access.

4. Plaintiff has failed to assert a connection between Defendant's lack of compliance and the benefits, goods, or services deprived to Plaintiff.

5. Plaintiff lacks standing to seek injunctive relief for the removal of barriers not actually encountered and of which there was no notice at the time of the filing of this Complaint.

6. Plaintiff lacks standing to bring this action for relief against Defendant for purported discrimination and denial of access to facilities or portion of Defendant's facility (a) from which he did not seek access to or goods & services; (b) of which he had no knowledge of prior to commencement of this action; and (c) which are not related to his disabilities.

Answer and Affirmative Defenses
Case No. 9:17-cv-80103-RLR
Page 4

7.	Plaintiff lacks standing in that he has not suffered a cognizable injury or damages in that he has never patronized or visited the property and has no definite intention of patronizing or visiting the property in the future and there is no case or controversy.

8.	To the extent Defendant did not design, construct, build or modify the architectural barriers after the 1992 benchmark date for ADA regulation, Defendant is only required to "remove architectural barriers, that are structural in nature in existing facilities . . where such removal is readily achievable." 42 U.S.C. §12182(b)(2).

9.	Defendant needs not comply with the ADAAG for new construction because the Property that is the subject of this action and the barriers of which Plaintiff complains were built prior to the effective date of the ADA, i.e. prior to January 25, 1993; however, the regulation is relevant to existing construction.

10.	Plaintiff alleges an entitlement to attorney's fee and describes his attorney's relation to Thomas B. Bacon, P.A. as "of counsel". To the extent that Plaintiff's counsel maintains an independent law practice and such an of-counsel fee arrangement would violate Florida Bar Rules of Professional Conduct, the recovery of such fees should be denied.

WHEREFORE, Defendant has answered the Complaint and requests that the Complaint be dismissed with prejudice and the court award its costs and attorney's fees pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205.

I HEREBY CERTIFY that on April 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:  /s/ Kenneth L. Minerley

Answer and Affirmative Defenses
Case No. 9:17-cv-80103-RLR
Page 5

        Kenneth L. Minerley
        Fla. Bar No. 85019
        Fla. Bar No. 521840
        Primary Email:
        Ken@minerleyfein.com
        **MINERLEY FEIN, P.A.**
        *Attorneys for Defendant*
        1200 N. Federal Highway, Suite 420
        Boca Raton, FL 33432
        Phone: 561/362-6699
        Fax:    561/447-9884
        Litigation@minerleyfein.com
        Fileclerk@minerleyfein.com