UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 17-CV-80103-RLR

PATRICIA KENNEDY,

    Plaintiff,

v.

OMEGA GAS & OIL, LLC,

    Defendant.
    _____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment at docket entry 38. Defendant has filed a "Response in Opposition and Cross-Motion for Summary Judgment." DE 45. The Court struck Defendant's Cross-Motion for Summary Judgment as untimely because it was filed well after the deadline for dispositive motions. DE 49. The Court has considered Defendant's filing, however, as a response to Plaintiff's Motion for Summary Judgment. Plaintiff has filed a Reply. DE 48. The Court has carefully considered these filings, the record, and is otherwise fully advised in the premises. Because there are genuine disputes of material fact in the record, Plaintiff's Motion for Summary Judgment is **DENIED**.

### I. BACKGROUND[1]

As a result of a spinal injury caused by an automobile accident, Plaintiff Patricia Kennedy is mobility impaired, uses a wheelchair, and is disabled within the meaning of the American with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). DE 39 at ¶ 1. Plaintiff considers herself to be a "tester"—she visits various places of public accommodation to assess compliance with the ADA. *Id.* at ¶ 3.

---

[1] The facts herein are undisputed unless otherwise noted.

On January 14, 2017, Plaintiff visited a Chevron service station owned and operated by Defendant Omega Gas & Oil, LLC. *Id.* at ¶¶ 4, 5. The property is located at 1974 South Congress Avenue, West Palm Beach, Florida. *Id.* On January 27, 2017, she filed this suit, alleging that she was denied access to the Chevron service station because of her disability and seeking injunctive relief pursuant to the ADA. *See* DE 1.

The Complaint alleges Defendant is operating the Chevron service station in a discriminatory manner and identifies various ADA violations, including: an obstructed handicap parking space; an unsecured floor mat at the entranceway; restroom amenities mounted outside of acceptable reach ranges; proper grab bars; an improperly mounted flush control; non-compliant door hardware; encroachments on required clear floor space in the restroom; a non-compliant pedestal sink; and non-compliant faucets. *See* DE 1.

Plaintiff has moved for summary judgment, arguing that she is entitled to judgment as a matter of law. Defendant's Response in Opposition contests Plaintiff's standing—specifically, whether she has concrete and specific plans to revisit the Chevron service station. Defendant also asserts that the case is moot in light of intervening alterations to the property.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S.

at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

### III. ANALYSIS

Plaintiff argues she is entitled to summary judgment. Defendant responds that Plaintiff lacks Article III standing to pursue her claims and that her claims are moot. The Court analyzes (a) Defendant's arguments on standing and (b) whether there are any disputes of material fact that preclude entry of summary judgment below, however, the Court first addresses Defendant's arguments on mootness. Defendant's Cross-Motion for Summary Judgment (premised upon the

doctrine of mootness) was stricken as untimely by the Court. As a result, Defendant cannot be granted any affirmative relief and this Court construes Plaintiff's Cross-Motion and Response as simply a response to Plaintiff's Motion for Summary Judgment and, as such, a partial denial of Plaintiff's facts in support of her Motion for Summary Judgment.[2] Thus, Plaintiff's contention that the property is non-compliant with the ADA is supported by evidence in the record—DE 39-2—and Defendant's contention that portions of the property have been brought into compliance is construed as a denial that the property is non-compliant with the ADA—a contention supported by evidence in the record. DE 44 at 4-8. The Court has conflicting record evidence as to whether the property complies with the ADA. For this reason, and for reasons discussed below, this means that Plaintiff's Motion for Summary Judgment must be denied due to disputes of material fact.

      a. **Whether Plaintiff has Article III standing to pursue her ADA claims.**

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Article III confines federal jurisdiction to "cases and controversies." U.S. Const. Art. III. The doctrine of standing aids federal courts in determining whether a particular case is "of the justiciable sort referred to in Article III" by distinguishing "those disputes which are appropriately resolved through the judicial process" from those which are not. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation and citation omitted). "[S]tanding 'is

---

[2] The Court construes Plaintiff's filing at docket entry 53 as a refusal to concede that Defendant has rectified any conditions on the property and, instead, Plaintiff reserves the right to dispute this issue at trial. The Court has not been presented with any authority that, outside of a cross motion for summary judgment, the Court may conclude as a matter of law that Defendant has definitively established *in a response* that Plaintiff's claims have become moot. *See Houston v. 7-Eleven, Inc.*, No. 13-60004, 2014 WL 351970 (S.D. Fla. Jan. 31, 2014) (noting that the burden of persuading a court that challenged conduct has become moot is a heavy one).

perhaps the most important of the jurisdictional doctrines.'" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (alteration in original) (quoting *Allen v. Wright*, 468 U.S. 737 (1984)). Because the doctrine "stems directly from Article III's 'case or controversy' requirement," it goes directly to subject matter jurisdiction. *Nat'l Parks Conservation Ass'n v. Norton,* 324 F.3d 1229, 1242 (11th Cir. 2003) (citing *Vermont Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 771 (2000)).

Plaintiff bears the burden of establishing the three elements comprising the "irreducible constitutional minimum of standing." *Id.* First, Plaintiff must establish an injury-in-fact. The injury-in-fact must be "concrete and particularized" as well as "actual or imminent" (as opposed to being "conjectural or hypothetical"). *Id.* (internal citations and quotation omitted). To satisfy this requirement, Plaintiff must "present 'specific, concrete facts' showing that the challenged conduct will result in a 'demonstrable, particularized injury' to the plaintiff." *Miccosukee Indian Tribes of Fla. v. Fla. State Athletic Ass'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (quoting *Cone Corp.*, 921 F.2d at 1204). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate . . . threat of *future* injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). Second, Plaintiff must establish a causal connection between the alleged injury-in-fact and the conduct complained of. *Lujan v. Defs. of Wildlife*, 504 U.S. at 560 (internal quotation and citation omitted). Third, and finally, Plaintiff must show that a favorable decision would likely redress the injury-in-fact. *Id.*

Defendant argues that the injury-in-fact requirement is unmet because Plaintiff has not presented specific, concrete facts demonstrating a real and immediate threat of future injury. The Court disagrees. Where standing is raised at the summary judgment stage, "the plaintiff can no

longer rest on 'mere allegations.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975-76 (11th Cir. 2005) (quoting *Fla. Public Interest Research Group v. EPA*, 386 F.3d 1070, 1083 (11th Cir. 2004). Instead, as with any summary judgment determination, a court faced with a factual challenge to standing at summary judgment must look beyond the complaint, to "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Id.* (quoting Federal Rule of Civil Procedure 56(c)).

A plaintiff seeking injunctive relief under Title III of the ADA must either "have attempted to return" to the non-compliant building or "intend to do so in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (citing *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). Plaintiff has submitted an affidavit stating: "I presently plan on returning to Palm Beach County frequently within the next few months. It is my intention to return to the service station in the near future to avail myself of the goods and services made available . . ." DE 39-1 at ¶ 10. Defendant's Response in Opposition purports to contest that assertion, emphasizing that as of her second deposition on June 28, 2017, Plaintiff had not returned to the Chevron service station. DE 45 at 8. Defendant also points to Plaintiff's inability to recall other properties she has revisited and lack of a more organized "system" for planning revisits. *Id.*

However, the Court is not persuaded that Plaintiff's inability to recall other properties she has revisited and lack of a more organized "system" for planning precludes her from satisfying standing requirements. This is particularly true because Plaintiff attached to her Reply an Affidavit attesting that she returned to the Chevron service station on July 18, 2017, along with a receipt for this visit. The Court is therefore persuaded that the record evidence establishes that

Plaintiff has sufficient standing to press her claims in this case and Defendant's arguments on this point are rejected.

### b. Whether Plaintiff is entitled to Summary Judgment.

The parties agree that because the Chevron service station predates the ADA and, as a result, Defendant's obligation to comply with the ADA is governed by the "readily achievable" standard. The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Id.*

Here, Defendant asserts that two of the changes proposed in Plaintiff's expert report are not "readily achievable:" (i) widening the bathroom to provide additional turnaround space as specified in item 008 of Plaintiff's expert report and (ii) widening the bathroom door to provide additional clearance for the bathroom door as specified in item 005 of Plaintiff's expert report. *See* DE 45 at 5. "'[R]eadily achievable' is a fact-intensive inquiry that will infrequently be decided on summary judgment . . . ." *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1371 (S.D. Fla. 2001). Just so here. Defendant argues that Plaintiff is not entitled

to summary judgment because the proposed alterations in Mr. Herrera's expert report, which would require "major construction, including the removal and replacement of the existing concrete wall, plumbing, electrical lines, and gas lines," are not "readily achievable." DE 45 at 5. Whether these alterations are readily achievable is a question of fact for the jury.

For all of the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED**. However, in light of the fact that Defendant contends, with supporting evidence, that many conditions of the Chevron service station have been brought into compliance with the ADA, the parties are hereby **ORDERED** to confer on this matter and notify the Court of any agreement in the parties' pretrial stipulation as to any conditions on Defendant's property that are no longer in dispute.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 29th day of August, 2017.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE