UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICIA KENNEDY, Individually,

    Plaintiffs,

v.

Case No: 8:13-cv-3158-EAK-TGW

OMEGA GAS & OIL, LLC,

    Defendant,

_____/

## JOINT PRE-TRIAL STATEMENT

The Parties, by and through their respective undersigned counsel, in accordance with Local Rule16.1(e), and this Court's order of March 2, 2017 [D.E. 10] and August 30, 2017 [D.E. 60], submit the following:

### I. THE BASIS OF FEDERAL JURISDICTION.

Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has original jurisdiction over actions which arise from the alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

### II. THE NATURE OF THE ACTION.

This is an action seeking an injunction requiring the elimination of barriers to access at a service station located in West Palm Beach, Florida and that the premises continue to be maintained in manner that complies with the ADA.

### III. STATEMENT OF EACH PARTY'S CASE.

    **A. Plaintiffs**

Patricia Kennedy is disabled. Specifically, she has limited mobility and limited use of her hands. Prior to the filing of this lawsuit, Ms. Kennedy visited the Defendant's place of business where she encountered numerous barriers to access. This lawsuit was the result. Ms. Kennedy subsequently returned to the Defendant's service station only to encounter barriers to access for the second time. With one exception, the Defendant claims it eliminated the barriers encountered by the Plaintiff thus admitting their existence. The Defendant admits it has done nothing to address the lack of sufficient floor space in the restroom. Because the A.D.A. imposes an obligation to maintain a place of public accommodation in a state of compliance, violations involving movable barriers cannot be mooted. Given that the Defendant has ignored a law that has been on the books for more than twenty years, and allows the handicapped parking space and access aisle to continue to be obstructed, an injunction is required to insure both compliance and continued compliance. The Plaintiffs also seek their attorney's fees, expenses, and costs.

### B. Defendant

Defendant has fixed all of the ADA violations at the Property identified in Plaintiff's expert report to the extent they were readily achievable. Defendant has not widened the bathroom to provide the alleged required turnaround space as specified in item number 008 of Plaintiff's expert report [D.E. 39-2] because it would require major construction, including the removal and replacement of the existing concrete wall, plumbing, electrical lines, and gas lines, and thus, is not readily achievable for the addition of three inches of space. Defendant has obtained written estimates from two separate general contractors whom estimated it would cost $80,000.00 to $85,000.00 to widen the restroom to comply with the ADA. The first certificate of occupancy for the property was issued prior to January 26, 1993, and thus, Defendant is required only to remove barriers "where said removal is readily achievable." *Ass'n for Disabled Americans, Inc. v. Key Largo*

*Bay Beach, LLC*, 407 F. Supp. 2d 1321, 1328-1329 (S.D. Fla. 2005). As such, it is Defendant's position that widening the restroom to achieve the required turnaround space is not readily achievable.

Further, Plaintiff's expert has not conducted a readily achievable analysis for any of the violations listed in his expert report, which is Plaintiff's initial burden to prove. *See Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 417 (11th Cir. 2011) ("When plaintiffs meet the burden of production showing that the removal of barriers is 'readily achievable,' the burden then shifts to the defendant to prove the affirmative defense that the removal of a barrier is not readily achievable."). As such, it is Defendant's position that Plaintiff is in no position to prove that the violations listed in Plaintiff's expert report are readily achievable.

Moreover, Plaintiff's expert report identifies the location of various items as ADA violations, including furniture, equipment, mop bucket, and trash can, which were purportedly blocking the accessible parking space and clear floor space in the bathroom, respectively. However, the presence of these items is not an ADA violation and does not support a cognizable claim under the ADA. The ADA only applies to "architectural barriers," not temporary or easily removable barriers. *See, e.g., Chapman v. Pier 1 Imports*, 2006 WL 1686511, *10 (E.D. Cal. 2006); Sharp v. Islands Rest.-Carlsbad, 900 F. Supp. 2d 1114, 1126 (S.D. Cal. 2012). Notwithstanding the above, Defendant has a policy and procedure to afford goods, services, and accommodations to individuals with disabilities; to maintain the accessible clear floor space in the bathroom; and to maintain the accessible accommodations at the Property.

### IV. EXHIBIT LISTS.

A. The Plaintiff's Exhibit list is attached.

B. The Defendant's Exhibit List is attached.

## V. WITNESS LISTS.

A. Plaintiff.

1. Patricia Kennedy.

2. Carlos Herrera (Expert)

3. Walid Alsheikh (live and by deposition)

4. Pierre Duran

The Plaintiff reserves the right to call any witnesses listed by the Defendant.

B. The Defendant.

1. Walid Alsheikh as the corporate representative of Omega Gas & Oil, LLC.

   a. c/o Kenneth L. Minerley, 1200 N. Federal Highway, Suite 420 Boca Raton, FL 33432

2. Mark Shehadeh (expert witness)

   a. Build Masters, LC, 2420 NW 1st Ave., Boca Raton, FL 33431

3. Vincent Soreno (expert witness)

   a. All County Contractors, Inc., 4190 Oak Circle, Boca Raton, FL 33431

4. Monzon Santos – if the need arises

   a. 1974 S. Congress Ave, West Palm Beach, FL 33406

5. Pablo Elias – if the need arises

   a. 1974 S. Congress Ave, West Palm Beach, FL 33406

Defendant reserves the right to call any witnesses listed by Plaintiff if the need

arises.

## VIII. DEPOSITION DESIGNATIONS.

A. Plaintiff's designations are attached.

## IX. UNCONTESTED FACTS

1. Patricia Kennedy is a person with a disability.

2. The Defendant owns and operates a service station located at 1979 S. Congress Ave., West Palm Beach, Florida.

3. The Defendant's service station is a place of public accommodation.

4. At the commencement of this lawsuit, some aspects of the Defendant's property did not comply with the ADA.

## X. STATEMENT OF APPLICABLE PRINCIPLES OF LAW.

1. This action is governed by the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, the ADA's Accessibility Guidelines, 28 C.F.R. part 36.

## XI. ISSUES OF FACT WHICH REMAIN TO BE LITIGATED.

1. Whether, and to what extent, the Defendant has remedied any ADA violations existing at its place of public accommodation.

## XII. ISSUES OF LAW WHICH REMAIN FOR DETERMINATION.

1. None.

## IX. PENDING MOTIONS.

Plaintiff:

1. The Plaintiff intends filing a motion seeking to conduct an inspection of the Defendant's property because of the latter's allegations of recent changes.

2. The Plaintiff intends filing a motion seeking to preclude the Defendant from introducing testimony of the individuals it has now identified as experts and further barring and indirect attempts to introduce evidence that could only be introduced through those individuals.

## X. ESTIMATE OF TRIAL TIME.

1. The Parties estimate that trial will take approximately two (2) days.

## XI. ESTIMATE OF ATTORNEY'S FEES.

1. Through trial, the Plaintiff estimates that her attorney's fees and costs will be between $100,000.00 and $125,000.00.

*/s/ Philip Michael Cullen, III*
Fla. Bar No: 167853
Thomas B. Bacon, P.A.
621 South Federal Highway, Ste 4
Ft. Lauderdale, Fl 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
e-mail; cullen@thomasbaconlaw.com