UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:17-CV-80103-RLR

PATRICIA KENNEDY, individually,

      Plaintiff,

v.

OMEGAGAS & OIL, LLC, a Florida limited
Liability company,

      Defendant.

_____/

## DEFENDANT'S PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

This cause was tried before the Court and based on the evidence presented, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1.    The Plaintiff, PATRICIA KENNEDY ("Plaintiff"), is a disabled individual within the meaning of the Americans With Disabilities Act, (the "ADA"), 42 U.S.C. § 12102(2)(A) and (C) and is unable to engage in the major life activity of walking.  Plaintiff uses a wheelchair and has limited use of her hand.  [D.E. 1, ¶ 1].

2.    The Defendant, OMEGA GAS & OIL, LLC, a Florida Limited Liability Company, whose managing member is Walid Alsheikh, owns and/or operates the Chevron gas station located at 1974 S. Congress Ave., West Palm Beach, Florida (the "Property").  [D.E. 1, ¶ 2].

3.    The Property is a place of public accommodation under 42 U.S.C. § 12181(7)(A)(B), and (E).

4.     The first certificate of occupancy for the Property was issued prior to January 26, 1993, and thus, the Property is considered an "Existing Facility" and Defendant is required only to remove barriers "where said removal is readily achievable." *Ass'n for Disabled Americans, Inc. v. Key Largo Bay Beach, LLC*, 407 F. Supp. 2d 1321, 1328-1329 (S.D. Fla. 2005).

5.     Plaintiff claims to have observed architectural barriers at the Property prior to filing the Complaint on January 27, 2017.  The alleged violations Plaintiff encountered on that visit pursuant to the Complaint [D.E. 1] are listed as follows:

a.  Defendant fails to adhere to a policy, practice, and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled;

b.  Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

c.  There is a lack of a compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, and that existing has obstruction, narrow or blocked passageways, lack of sufficient maneuvering space, lack of required clear floor spaces, unsecured floor mats/carpeting, and inaccessible doorways.

d.  There is an insufficient number of compliant parking spaces and access aisles and those existing have obstruction, narrow or blocked passageways, lack of sufficient maneuvering space, lack of required clear floor spaces, lack of compliant signage, and faded markings.

e.  There are non-compliant restrooms with non-compliant doorways, improper door hardware, insufficient maneuvering space, lack of required clear floor spaces,

obstructions, improperly located amenities, inaccessible commodes, lack of compliant grab bars, missing grab bars, inaccessible sinks, improper sink hardware, and flush controls on the wrong side.

6.     Plaintiff's expert, Carlos Herrera ("Mr. Herrera"), prepared a report of ADA violations present at the Property on March 20, 2017 and a report of ADA violations based on pictures that were taken before the lawsuit was filed ("Plaintiff's Expert Report").

7.     Plaintiff claims that the violations depicted in Plaintiff's Expert Report addresses all of the ADA violations that were present at the Property during her visit on January 14, 2017.

8.     Defendant first became aware of Plaintiff's alleged problems with accessing the Property when it was served with the summons and complaint in the above action on or about February 1, 2017.

9.     Upon receipt of the summons and complaint, Defendant began investigating the allegations in Plaintiff's complaint, and took steps to bring the Property into compliance with the ADA.

10.    At trial, Plaintiff challenged several barriers that she alleges are continuing violations of the ADA.  In response, Defendant asserted that it fixed all of the ADA violations identified in Plaintiff's Expert Report to the extent they were readily achievable.

11.    Plaintiff failed to show that barriers continued to exist at the Property in several respects.  Defendant put forth convincing testimony and evidence that all but one of the ADA violations identified in Plaintiff's Expert Report have been fixed.

12.    The Court finds that all of the violations listed above have been corrected by Defendant except for widening the bathroom to achieve the turnaround space required by the

ADA.

13.    Defendant asserted at trial that it did not widen the restroom three inches to comply with the ADA, because to do so would not be readily achievable.  Defendant obtained written estimates from two separate contractors whom estimated it would cost $80,000.00 to $85,000.00 to widen the restroom to comply with the ADA.  Both experts and Mr. Alsheikh, whom is an electrical engineer, testified that such a task would require major construction, including the removal and replacement of the existing concrete wall, plumbing, electrical lines, and gas lines, for the addition of three inches of space.

14.    Plaintiff's expert, Mr. Herrera, testified that he did not conduct a readily achievable analysis for any of the violations listed in his report.  Mr. Herrera also testified that the estimate provided in his report for widening the bathroom did not take into account the existing concrete wall, plumbing, and gas lines that would have to be removed.  Mr. Herrera acknowledged that the estimates provided in his expert report were generic estimates and did not take into account the structure of the building.

15.    Further, the Court finds that Plaintiff was notified of Defendant's assertion that it had fixed most of the ADA violations at the Property as early as May 3, 2017, when Plaintiff was served with Defendant's Response to Plaintiff's First Set of Interrogatories.  Plaintiff never did a re-inspection of the Property to verify Defendant's assertions.

## Conclusions of Law

1.    This Court has jurisdiction over the parties and the subject matter pursuant to the provisions of 28 U.S.C. § 1331 and § 1343 as this is a claim arising under the laws of the United States and is a claim to secure equitable relief under an act of Congress providing for the

protection of civil rights.

2.      The provisions of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., apply in this action as well as the Code of Federal Regulations, 28 C.F.R. part 36, which implement Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12181, et seq.

3.      Title III of the ADA grants a private right of action to "any person who is being subjected to discrimination on the basis of disability" or "who has reasonable grounds for believing that such person is about to be subjected to discrimination."  42 U.S.C. § 12188(a)(1).

4.      42 U.S.C. § 12205 grants the Court discretion to award a reasonable attorneys' fee to the <u>prevailing party</u> in an ADA case.

5.      To prevail on the merits in ADA cases, the Plaintiff must prove that (1) she is disabled, (2) that the property she visited is a place of public accommodations, (3) that she was denied full and equal treatment because of her disability, and (4) that is reasonably expected to suffer discrimination in the future absent an injunction.  *See Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 415-416 (11th Cir. 2011) ("Injunctive relief requires a further showing of a plaintiff's actual or imminent injury.").

6.      In fact, "because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury." *Brother v. Tiger Partner, LLC,* 331 F.Supp.2d 1368, 1373 (M.D. Fla. 2004) (*quoting, Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001) (internal citation and quotation marks omitted) (emphasis in original)).

7.      Asserting a past injury is not enough.  A past "exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied

by any continuing, present adverse effects." *Id.* (*quoting, City of Los Angeles v. Lyons,* 103 S.Ct. 1660 (1983) (internal citation omitted)).

8.      Moreover, Defendant is required only to remove barriers "where said removal is readily achievable." *Ass'n for Disabled Americans, Inc. v. Key Largo Bay Beach, LLC*, 407 F. Supp. 2d 1321, 1328-1329 (S.D. Fla. 2005).

9.      "[T]he plaintiff has the initial burden of production to show (1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense under the particular circumstances of the case." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006) (quoting *Colorado Cross Disability Coalition v. Hermanson Family Limited Partnership I,* 264 F.3d 999 (10th Cir. 2001) (internal quotation marks omitted). In *Gathright*, the Court found that the ADA plaintiff failed to meet its burden of production showing the barrier removal was readily achievable where the proposals for barrier removal produced by the plaintiff did not provide any detailed cost analysis and did not address the engineering and structural concerns associated with the proposal. *Id.* at 1274.

10.     Plaintiff has the burden of establishing whether the standard for "new construction" or "existing facility" applies to a particular case. *See Disabled Americans for Equal Access, Inc. v. Compra Hosp. Pavia, Inc.*, No. CIV. 02-1639 (DRD), 2004 WL 5568603, at *8 (D.P.R. Aug. 27, 2004); *Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 206 (S.D.N.Y. 2016).

11.      "When plaintiffs meet the burden of production showing that the removal of barriers is 'readily achievable,' the burden then shifts to the defendant to prove the affirmative

defense that the removal of a barrier is not readily achievable." *Norkunas*, 444 Fed. Appx. at 417.

12.    The factors to be considered in evaluating whether removal of a barrier is "readily achievable" are:

(1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Gathright-Dietrich*, 452 F.3d at 1273 (citing 42 U.S.C. § 12181(9)).

13.    Moreover, Plaintiff's Expert Report identifies the location of various items as ADA violations, including furniture, equipment, mop bucket, and trash can, which were purportedly blocking the accessible parking space and clear floor space in the bathroom, respectively.  However, other courts have found that the presence of these items is not an ADA violation and does not support a cognizable claim under the ADA.  *See, e.g.*, *Chapman v. Pier 1 Imports*, 2006 WL 1686511, *10 (E.D. Cal. 2006); *Sharp v. Islands Rest.-Carlsbad*, 900 F. Supp. 2d 1114, 1126 (S.D. Cal. 2012).   The ADA only applies to "architectural barriers," not temporary or easily removable barriers.  *Id.*

14.    Applying the foregoing principles to the facts of the instant case, this Court

concludes that Plaintiff failed to establish that there exists a likelihood of future harm if Plaintiff were to return back to the Property.

15.     Defendant put forth convincing testimony and evidence that all but one of the ADA violations identified in Plaintiff's Expert Report have been fixed.

16.     With respect to widening the bathroom to achieve the required turnaround space, the Court finds that Plaintiff did not meets its initial burden of production showing that the removal of same is readily achievable.   Plaintiff's expert never made a readily achievable analysis of any of the barriers asserted in his reports and did not take into consideration the structure of the building in making his proposals and cost estimates.

17.     Even assuming Plaintiff met its burden of production for barrier removal, Defendant brought forth sufficient evidence, through the testimony of Defendant's corporate representative and expert witnesses, that the costs of widening the bathroom to include only an additional three inches of space would outweigh the benefits of accomplishing same, and thus, is not readily achievable.

18.     Further, the Court finds that Plaintiff had a sufficient amount of time to re-inspect the Property after Defendant notified Plaintiff that the Property had been fixed and before the discovery deadline had passed.  Notably, Plaintiff claims she returned to the Property on July 18, 2017 and observed a chair in the accessible parking space.  Plaintiff, who claims to be a "tester," does not complain of any further barriers she encountered upon her visit, and in fact, was able to purchase gas as shown by the receipt produced as evidence.

19.     Defendant's corporate representative testified that it has a policy and procedure to afford goods, services, and accommodations to individuals with disabilities; to maintain the

accessible clear floor space in the bathroom; and to maintain the accessible accommodations at the Property.

20.     Having failed to establish a likelihood of future harm, Plaintiff is precluded from seeking injunctive relief against Defendant.  Accordingly, the Clerk is hereby directed to enter judgment in favor of the Defendant, Omega Gas & Oil, LLC and against Plaintiff, Patricia Kennedy.

DONE and ORDERED in Chambers in the Southern District of Florida, on this _____ day of _____, 2017.

_____
Robin L. Rosenberg
United States District Judge

**Copies furnished:**
All Counsel of Record via CM/ECF

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

**MINERLEY FEIN, P.A.**
Attorneys For Defendant
1200 North Federal Highway, Suite 420
Boca Raton, Florida  33432
Telephone: (561) 362-6699
Facsimile:  (561) 447-9884

By:/s/ Kenneth L. Minerley
Kenneth L. Minerley
Fla. Bar No. 0521840
ken@minerleyfein.com
Ashley Williams
Fla Bar No. 0119632
Page **9** of **10**

Ashley@minerleyfein.com
Secondary E-mail:
Fileclerk@minerleyfein.com
Litigation@minerleyfein.com