UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:17-cv-80103-RLR

PATRICIA KENNEDY, individually,

    Plaintiff,

v.

OMEGA GAS & OIL LLC,

    Defendant.
_____/

## DEFENDANT, OMEGA GAS & OIL, LLC'S NOTICE OF SERVING VERIFIED ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

Defendant, Omega Gas & Oil, LLC, ("Defendant") by and through its undersigned counsel hereby gives notice of serving its verified answers and objections to Plaintiff's Interrogatories.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via E-Mail this 3rd day of May, 2017, to: Thomas B. Bacon, P.A., at jalbo@bellsouth.net and tbb@thomasbaconlaw.com.

    By: /s/ Kenneth L. Minerley
    Kenneth L. Minerley
    Fla. Bar No. 521840
    Primary Email:
    Ken@minerleyfein.com
    Stephanie Griffin
    Fla. Bar No. 85019
    Stephanie@minerleyfein.com
    Ashley Williams
    Fla. Bar No. 0119632
    Ashley@minerleyfein.com
    **MINERLEY FEIN, P.A.**
    *Attorneys for Omega Gas & Oil, LLC*
    1200 N. Federal Highway, Suite 420
    Boca Raton, FL 33432
    Phone:  561/362-6699
    Fax:    561/447-9884
    Litigation@minerleyfein.com
    Fileclerk@minerleyfein.com

9:17-cv-80103-RLR

PLAINTIFF'S EXHIBIT

No: 35

Case No.: 17-cv-80103-RLR
Response to First Set of Interrogatories
Page 2

1. Identify by name, address, telephone number and title the following individuals or entities:

    A. All persons answering or assisting in answering these Interrogatories;
    **RESPONSE:** Walid Alsheikh.

    B. All persons or entities who have had any property interest in the property described in the Complaint at any time since June 26, 1992, including the nature of such property interest;
    **RESPONSE:** Omega Gas & Oil, LLC is the owner of the subject property.

    C. All persons or entities who operated or had a license to operate any business at the property described in the Complaint at any time over the last five (5) years;
    **RESPONSE:** Omega Gas & Oil, LLC.

    D. List any and all persons or entities who are presently tenants and/or lessees at the subject property, including their address.
    **RESPONSE:**
    a) Guajiro Tires, 1974 S. Congress Ave., West Palm Beach, FL 33406
    b) Best Breaks, 1974 S. Congress Ave., West Palm Beach, FL 33406

    E. All persons or entities who have any knowledge of the facts relating to the Complaint, or Answer or the Affirmative Defenses thereto and the paragraph or number of the Complaint, Answer or Affirmative Defenses of which that individual or entity has knowledge.
    **RESPONSE:** Walid Alsheikh.

2. State whether the Defendant is an owner and/or operator and/or lessee of the property which is the subject of this action and the date when the Defendant became the owner and/or operator and/or lessee of said property.
**RESPONSE:** Defendant became the owner of the subject property on or about November 1, 2002.

3. Identify with specificity any and all remodeling of, construction on and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date, including, without limitation, identifying the work done and the commencement and completion dates, and identify all contractors and subcontractors who performed each job identified. If a contractor or subcontractor was not used, identify each worker who performed each job; and identify all architects and

Case No.: 17-cv-80103-RLR
Response to First Set of Interrogatories
Page 3

> engineers who performed service, whether used or not, for each job identified, including, without limitation, identifying the firm/company, address, phone number and contact person; and state the amount of each project.
> **RESPONSE**: Defendant has installed new grab bars ($250.00), faucet handle ($100.00), toilet ($320.00), door handle ($150.00), handicap sign for bathroom ($40.00), handicap sign for parking lot ($250.00), and repositioned a paper towel dispenser ($140.00), sink ($150.00), and handicap parking space ($180.00). Walid Alsheikh completed the work in or about March and April of 2017, c/o Kenneth L. Minerley, Minerley Fein, P.A., 1200 North Federal Highway, Suite 420, Boca Raton, FL 33432, (561) 362-6699. Defendant otherwise objects to this interrogatory as being overly broad and requesting information that is irrelevant and not proportional to the needs of the case. Any construction or remodeling of the subject property from 25 years ago has no bearing on the claims and issues in this action, i.e., compliance with the ADA. Defendant is unaware of what was done prior to its purchase of the property.

4. Identify each and every building permit applied for and/or obtained from January 1, 1992, regarding the property which is the subject of this action, including, without limitation, identifying the date each permit was applied for and/or obtained, who applied for each permit identified, and the work to be performed in accordance with each permit identified.
   **RESPONSE**: Defendant applied for a building permit to replace an underground tank in or about August 2008. Defendant does not possess any further information on building permits. This information is equally burdensome for the Plaintiff to obtain from the building officials as it is for Defendant. Defendant is unaware of what was done prior to its purchase of the property.

5. Identify with specificity all work, if any, planned and/or undertaken by or on behalf of the defendant and/or any predecessor(s) in interest since August 1, 1990, regarding the property which is the subject of this action, in order to modify it so that it complies with the requirements of the Americans With Disabilities Act, 42 U.S.C. §§12101, et seq (hereinafter "ADA"); and state the amount expended on each project.
   **RESPONSE**: Defendant has installed new grab bars ($250.00), faucet handle ($100.00), toilet ($320.00), door handle ($150.00), handicap sign for bathroom ($40.00), handicap sign for parking lot ($250.00), and repositioned a paper towel dispenser ($140.00), sink ($150.00), and handicap parking space ($180.00). Defendant otherwise objects to this interrogatory as being overly broad and requesting information that is irrelevant and not proportional to the needs of the case. Any modifications of the subject property from 25 years ago has no bearing on the claims and issues in this action, i.e., compliance with the ADA.

6. In conjunction with the initial construction of the facility owned by you, state the date the last application for a building permit or permit extension was certified to be complete by the State, County, or Local government, or if applicable government agency does

not certify completion of applications, the date the last application for a building permit or permit extension was received by the State, County or Local government.
**RESPONSE**: The only building permit Defendant is aware of was in or about August 2008. This information is equally burdensome for the Plaintiff to obtain from the building officials as it is for Defendant.

7. State whether there is assigned disabled parking provided on the subject real property and, if so, state the number of spaces provided, the size of each space, and whether each space is appropriately marked with signs.
**RESPONSE**: Yes, there is one disabled parking space provided on the subject property that is 136 inches. The space is marked with a disabled sign.

8. If the subject building has an elevator(s), identify the number of elevators and whether each elevator has: audible notification devices; braille; automatic door reopening devices; and state the height in inches, of the highest call buttons; and identify each company, by name and address, that has serviced the elevator(s) from January 1, 1990 to date and the dates thereof.
**RESPONSE**: There are no elevators.

9. State the number of rest room facilities designated for individuals with disabilities, and state whether each rest room is a male, female or unisex facility; when each rest room was constructed and/or modified to accommodate individuals with disabilities; and whether each rest room is marked with appropriate signage reflecting their disability accommodations.
**RESPONSE**: The subject property has one unisex restroom that was constructed in 1955 and is marked with disability signage. The restroom was modified in March and April of 2017.

10. For each rest room identified in response to the preceding Interrogatory, state whether defendant has: installed grab bars in the toilet stalls; rearranged toilet partitions to increase maneuvering space; insulated pipes under each sink to prevent burns; installed single-lever faucet handles; installed a full length mirror; and repositioned paper towel dispensers to accommodate individuals who use wheelchairs; and specify the amount expended, when the work was done and the company (ies)/person (s) who completed the work, including their name(s), address(es) and phone number(s).
**RESPONSE**: Defendant has installed new grab bars ($250.00), faucet handle ($100.00), toilet ($320.00), and repositioned a paper towel dispenser ($140.00) and sink ($150.00). Walid Alsheikh completed the work in or about March and April of 2017, c/o Kenneth L. Minerley, Minerley Fein, P.A., 1200 North Federal Highway, Suite 420, Boca Raton, FL 33432, (561) 362-6699.

11. State with specificity, the Defendant's gross revenue derived from the subject property in each year from January 1, 1990, to date.

Case No.: 17-cv-80103-RLR
Response to First Set of Interrogatories
Page 5

> **RESPONSE**: Defendant objects to this interrogatory as being overly broad and requesting information that is irrelevant and not proportional to the needs of the case. Defendant's revenue from 27 years ago has no bearing on the claims and issues in this action, i.e., compliance with the ADA.

12. State the total number of parking spaces at the facility.
    **RESPONSE**: Five parking spaces.

13. Identify each tenant at the subject property. For each tenant, state the date the tenancy commenced.
    **RESPONSE**:
    a) Guajiro Tires – June 1, 2013
    b) Best breaks – August 1, 2016

14. Identify all directors, partners, principals, officers and/or managers of Defendant. With respect to each such person, identify all other corporate or business entities in which they are a director, partner, principal, officer, or manager.
    **RESPONSE**: Walid Alsheikh.

15. Identify all persons or entities having any ownership interest in Defendant.
    **RESPONSE**: Walid Alsheikh.

16. With respect to each person or entity identified in Answer to Interrogatory number 14 or 15, identify all other corporate or business entities in which they have an ownership interest of greater than ten percent.
    **RESPONSE**: Defendant objects to this interrogatory as being overly broad and requesting information that is irrelevant and not proportional to the needs of the case. Specifically, other business entities in which Mr. Alsheikh has an ownership interest in have no bearing on the claims and issues in this action.

17. Identify, by name and address, all places of public accommodation owned, operated, leased by or leased to any of the individual or entities identified in Answers to Interrogatories 14-16 above that have been the subject of a lawsuit pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181, et seq.. For each such lawsuit:
    **RESPONSE**: Defendant objects to this interrogatory as being overly broad and requesting information that is irrelevant and not proportional to the needs of the case. Whether other business entities of Mr. Alsheikh have been subject to a lawsuit pursuant to the ADA has no bearing on the claims and issues in this action.

    a. identify the case number and court in which the case was filed.

    b. identify the contractor, consultant or expert retained or otherwise hired to inspect,

Case No.: 17-cv-80103-RLR
Response to First Set of Interrogatories
Page 6

       provide advice, survey, provide litigation support, or provide construction or contractor services in the remediation, alteration, construction or modification of the subject property to address Title III compliance ADA issues or implement remedial measures.

18. Identify, by name and address, all places of public accommodation owned, operated, leased by or leased to any of the individual or entities identified in Answers to Interrogatories 14-16 above that have NOT been the subject of a lawsuit pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181, et seq. For each such property identify the contractor, consultant or expert retained to inspect, provide advice, survey, provide litigation support, or provide construction or contractor services in the remediation, alteration, construction or modification of the subject property to address Title III ADA compliance issues or implement remedial measures.
**RESPONSE**: Defendant objects to this interrogatory as nonsensical and ambiguous on its face, and depending on its intended meaning, is overly broad and encompasses information that is irrelevant and not proportional to the needs of the case.

_Waled Alsheikh_
Name: WALID ALSHEICH

STATE OF Florida )
                 ) ss.
COUNTY OF Palm Beach )

Before me personally appeared ___, who is

LAURA BORSELLI
Notary Public - State of Florida
Commission # FF 990113
My Comm. Expires Sep 11, 2019

☐ personally known to me.
OR (Check one that applies)

☒ has shown me his/her FL DL _____ for identification.
and being duly sworn swears that he/she has read the forgoing Answers to Interrogatories, and

that the statements contained therein are true and correct.

SWORN TO AND SUBSCRIBED before me this 2 day of May , 2017.

_Laura Borselli_

NOTARY PUBLIC: State of
My Commission Expires:

As to objections:

/s/ Kenneth L. Minerley
Kenneth L. Minerley
Fla. Bar No. 521840
**MINERLEY FEIN, P.A.**

1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone: 561/362-6699
Fax: 561/447-9884